UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE TOMMY NGO                                     CIVIL ACTION

                                                    NO: 24-2856

                                                    SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Notice of Appeal from Bankruptcy Court* (**Rec. Doc. 1**) filed by Appellant Tommy Ngo. Appellant filed an opening brief (Rec. Doc. 17), and thereafter, Appellees Carrollton & Oak, LLC ("C&O") (Rec. Doc. 23) and Barbara Rivera-Fulton, Trustee, (Rec. Doc. 24) filed responsive briefs, to which Appellant has replied (Rec. Doc. 27). Having considered the briefs, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the Bankruptcy Court's decision should be **AFFIRMED**.

## FACTS AND PROCEDURAL BACKGROUND

For a third time, Tommy Ngo seeks relief from an order of the Bankruptcy Court. *See In re Tommy Ngo*, No. 23-1853 (E.D. La. June 2, 2023); *In re Tommy Ngo*, No. 24-2064 (E.D. La. Aug. 22, 2024). The basic facts and procedural history, thus, are well-known.

In October 2022, Debtor Tommy Ngo filed for bankruptcy, first under Chapter 13 and later converted to a Chapter 7 action. *In re Tommy Ngo*, No. 22-11179 (Bankr. E.D. La.). A year later, in October 2023, Trustee moved to abandon any possible state-court rights the debtor's estate might have in litigation between Ngo and C&O. *In re*

1

*Tommy Ngo*, No. 22-11179 (Bankr. E.D. La. Oct. 10, 2023), ECF No. 143.[1] The following month, the Bankruptcy Court denied Trustee's request because there were no claims to abandon:

> I'm gonna deny the motion to abandon. I know that's an unusual thing to do, but it's, I'm gonna deny the motion to abandon because in order to abandon something it has to exist and I, based on the pleadings, like I said, the state court record that I've seen and reviewed, these claims do not exist.

*Id.*, ECF No. 170 at 20 ll. 7–11. Ngo neither requested timely reconsideration of this order nor appealed it to the district court. Instead, nearly eleven months later, in October 2024, Ngo moved pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of "Trustee's Motion to Abandon State Law Claims." *Id.*, ECF No.

---

[1] Central to his arguments before the Bankruptcy Court, Ngo has long contended the state-court resolution of a contract dispute between Ngo and C&O failed to extinguish a cause of action against C&O. This Court previously explained Ngo's so-called "two judgment" theory:
> Seeking the determination of the dischargeability of a state-court judgment, Creditor C&O commenced an adversary proceeding pursuant to 11 U.S.C. §523(a)(6), asserting Ngo's willful and malicious injury to C&O's property. *Carrollton & Oak, LLC v. Tommy Ngo*, Adv. No. 23-1012 (Bankr. E.D. La.). Ngo filed an answer and, thereafter, received leave to file a first amended answer to the adversary complaint. A month later, in a series of filings, Ngo both sought leave to file a counterclaim and filed the claim itself. Through the counterclaim, Ngo asserted that the state-court judgment underlying the adversary action was actually two judgments: one that assessed the damages C&O asserted as its credit but another that denied Ngo's motion for a directed verdict. Under this theory, Ngo argued the second judgment was done without prejudice, and thus without a final liability assessment against him. Accordingly, his reconventional demand against C&O would still have life.

*In re Tommy Ngo*, No. 24-2064 (E.D. La. Jan. 3, 2025), ECF No. 9 at 1–2. The Bankruptcy Court repeatedly rejected Ngo's "two judgment" theory. *See, e.g., Carrollton & Oak, LLC v. Tommy Ngo*, Adv. No. 23-1012 (Bankr. E.D. La. July 25, 2024), ECF No. 144 at 3 ("The Defendant has asserted a 'dual judgment' theory at multiple junctures in this adversary proceeding and in the lead bankruptcy case. The Court has considered that theory and overruled those arguments based upon the evidence put forth by both the Defendant and the Plaintiff."). This Court affirmed the Bankruptcy Court's denial of Ngo's motions for reconsideration of those orders. *In re Tommy Ngo*, No. 24-2064 (E.D. La. Jan. 3, 2025), ECF No. 9. In the instant appeal, this Court will not take Ngo's invitation to relitigate those Bankruptcy Court rulings or this Court's previous appeal judgment. (*See* Rec. Doc. 17 at 22–31). Instead, this Court's assessment is carefully circumscribed to the appealed-from order denying Ngo's Motion to Reconsider Trustee's Motion to Abandon State Law Claims. *See In re Tommy Ngo*, No. 22-11179 (Bankr. E.D. La. Nov. 26, 2024), ECF No. 310.

288. Ngo cited fraud as his Rule 60 basis, specifically that Trustee had not reviewed the complete state-court record before moving to abandon the claims. Later, as new support for his "two judgment" theory, Ngo included as an attachment to his reply a state-court Reasons with Judgment on March 8, 2024 from an action between C&O and subtenants of the property that was previously in dispute. *Id.*, ECF No. 302-2. Ngo was not a party to the suit, but the state court obliquely referenced a case to which Ngo was a party and which had been consolidated to the underlying action, before it was bifurcated.[2]

After a hearing on the motion, the Bankruptcy Court denied reconsideration. Finding no new material evidence or any substantiation of the fraud allegation, the court observed no basis to reconsider the 2023 order. Rather, the court reasoned, "it appears that, a year later, Debtor's counsel merely continues to be unhappy or dissatisfied with the ruling of this Court." *Id.*, ECF No. 310 at 1. Further, in response to the "repetitive and untimely vexatious pleadings" of Ngo's counsel, Justin Zitler, the Bankruptcy Court revoked Zitler's electronic filing privileges, requiring his future submissions to be hand-delivered and reviewed for a "colorable request" before entry on the bankruptcy docket. *Id.* at 1–2.

Ngo now timely appeals the Bankruptcy Court's denial of his motion to reconsider. Appellees C&O and Trustee oppose, seeking affirmance.

## LEGAL STANDARD

This Court has jurisdiction over this case pursuant to Title 28, United States

---

[2] On April 10, 2025, the state court vacated the Reasons with Judgment. (Rec. Doc. 22). As indicated below, however, the decision to vacate has no bearing on the instant appeal.

3

Code, Section 158(a). *See* 28 U.S.C. § 158(a); *Matter of Aucoin*, 35 F.3d 167, 169 (5th Cir. 1994) (citing *In re Watson*, 884 F.2d 879, 880 (5th Cir.1989)) (emphasis omitted) ("Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final and interlocutory judgments and orders of the bankruptcy court."). Denials by a bankruptcy court of Rule 60(b) motions are final, appealable orders. *Cromelin v. Markwalter*, 181 F.2d 948, 949 (5th Cir. 1950).

The standard of review for a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2). An order on a motion for reconsideration is a discretionary decision. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). The imposition of sanctions, moreover, is a discretionary decision. *In re First City Bancorporation of Texas Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). The Court reviews discretionary decisions for abuse of discretion. *Matter of Mendoza*, 111 F.3d 1264, 1270 (5th Cir. 1997). A bankruptcy court abuses its discretion when its ruling is based on "an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir. 1995)).

## **DISCUSSION**

Through a winding set of submissions, Ngo again seeks to reassert his rejected theory of the bankruptcy case. On appeal, Ngo pivots from fraud as his primary Rule 60(b) basis[3] to newfound evidence—namely, allusions in a state-court judgment of a

---

[3] To the extent that Ngo persists in his fraud-based argument, the Bankruptcy Court rightly explained the pertinent state-court filings were disclosed to and reviewed by Trustee. In no way does the record

4

case involving C&O, Nga Nguyen, Joseph M. Nguyen, Tin Nguyen, and Pho Bistreaux Restaurant to Ngo's reconventional demand in a different case. The state-court judgment made no findings of fact or conclusions of law regarding the separate action between C&O and Ngo. Instead, in its attempt to analyze the distinctions between ordinary and summary proceedings in Louisiana law, the state court merely provided relevant procedural background for the once-consolidated, then-bifurcated actions:

> The suit Plaintiff filed against Defendant Ngo in *CDC No. 2019-03281*, was a *Petition* for damages for breach of contract, in which an *Answer and Reconventional Demand* was filed through the course of an ordinary proceeding. Plaintiff's case against Defendant Ngo was tried before this Court through ordinary proceeding and Plaintiff was awarded damages in accordance with the filing of the Petition and the evidence produced at trial. However, the action which commenced against the Nguyen Defendants in CDC No. 2017-00972, arises out of a *Rule for Eviction,* or summary proceeding, filed by Plaintiff.

*In re Tommy Ngo*, No. 22-11179 (Bankr. E.D. La. Nov. 18, 2024), ECF No. 302-3 at 4. Ngo insists the reference is "a game-changer," (Rec. Doc. 17 at 45), "strong new evidence of Ngo's case," (Rec. Doc. 27 at 7), "turn[ing] the tables in this contentious litigation", (Rec. Doc. 17 at 15). For these appellate purposes, it is enough for this Court to conclude that the Bankruptcy Court did not abuse its discretion in disagreeing with Ngo's assessment and declining to overturn a year-old ruling based on a state-court procedural recitation.

Review of Ngo's sanctions protests yields a similar result. It is within a bankruptcy court's inherent authority to sanction frivolous, abusive, or otherwise bad faith conduct. *In re Yorkshire,* 540 F.3d at 332 (collecting cases). Here, the

---

reveal fraud or misrepresentation as a viable Rule 60 basis. Put simply, the Bankruptcy Court did not abuse its discretion by rejecting Ngo's fraud claim.

5

Bankruptcy Court found Ngo's counsel flagrantly misused the judicial process by continuing to rehash long-decided issues. To curb the obstructive behavior, the Bankruptcy Court revoked Zitler's electronic filing privileges and required prescreening of his filings for colorable relief. The sanctions, thus, maintained Zitler's access to the court and addressed the cited practice of abusive filings—both of benefit to Zitler's client, Ngo. Plainly, the Bankruptcy Court did not abuse its discretion in imposing sanctions against Ngo under its inherent authority.

Finally, despite this Court's previous caution, Ngo again uses an appeal to springboard into irrelevant topics and personal commentary. In this appeal alone, Ngo has:

- submitted eighty-three pages of memoranda largely in reference to his rejected "two judgment" theory;

- characterized a state-court judge as "a young Judge, apparently feeling duty-bound to clarify certain misconceptions regarding a two-year-old trial", (Rec. Doc. 17 at 17);

- accused C&O of committing "insidious violence to comity" and a "pattern of deception", *id.* at 16;

- insinuated that Trustee is not a separate party to the bankruptcy action but "conflicted", (Rec. Doc. 27 at 34); and

- denigrated the Bankruptcy Court's sanctions as
    - an act "*ex cathedra*", (Rec. Doc. 17 at 45);
    - an offense to due process, *id* at 45 ("Fundamental unfairness became aggravated into shocking the conscience, upon realizing the court below had been 'saved up trading stamps', accumulating sanction motions for about 18 months, and then releasing them all at once, flying in the face of the strong deterrence policy informing legitimate sanction imposition.");[4] and

---

[4] Here, Ngo apparently references, at least in part, the Bankruptcy Court's later Memorandum Opinion and Order, which granted monetary sanctions against Zitler. *In re Tommy Ngo*, No. 22-11179

- o an abuse of its power, (Rec. Doc. 27 at 34 ("What imperious power of the bankruptcy bench deigns to brook no objection to fusty old sanctions it has imposed?")).

None is proper for this appeal. This Court again reminds Ngo and, more pointedly, his counsel, Zitler: "**Such argumentation should be avoided.**" *In re Tommy Ngo*, No. 24-2064 (E.D. La. Jan. 3, 2025), ECF No. 9 at 7 (emphasis added).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's *Order Denying Motion To Reconsider Trustee's Motion To Abandon State Law Claims*, *In re Tommy Ngo*, No. 22-11179 (Bankr. E.D. La. Nov. 26, 2024), ECF No. 310 is **AFFIRMED**.

New Orleans, Louisiana, this 5th day of June, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

(Bankr. E.D. La. Feb. 5, 2025), ECF No. 325. The electronic filing sanctions alone are those before the Court in this appeal.